UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| POWER THE FUTURE<br>611 Pennsylvania Avenue, SE<br>Suite No. 183<br>Washington, DC 20003<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ARCHIVES AND RECORDS ADMINISTRATION<br>8601 Adelphi Road<br>College Park, MD 20740<br><br>Defendant. | Civil Action No. 26-3387 |

**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT**

Plaintiff Power the Future ("PTF") brings this action against Defendant National Archives and Records Administration ("NARA"). PTF alleges as follows:

1. This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. PTF seeks declaratory and injunctive relief requiring NARA to decide PTF's administrative appeal, conduct adequate searches, and produce all responsive, nonexempt agency records in response to four FOIA requests for records of the White House Office of Science and Technology Policy ("OSTP") accessioned to NARA.

2. NARA received three of the requests between July 7 and July 16, 2026, and the fourth on August 13, 2026. NARA consolidated the first three under a single tracking number without notice to PTF, issued a final response on August 10, 2026 that withheld 339 of 459 responsive pages, and has not decided PTF's timely

administrative appeal of that response. NARA has passed the fourth request among three of its components, assigned it two tracking numbers, re-dated it to a later filing date of NARA's own choosing, and has not made a determination on that request.

3. NARA's failure to decide the administrative appeal, its inadequate search and unexplained withholdings, and its failure to make any determination on the fourth request warrant a court-supervised processing and production schedule.

## PARTIES

4. PTF is a nonprofit organization incorporated in Delaware. It informs the public about energy and environmental policy and government activity bearing on those issues.

5. NARA is an independent establishment in the executive branch of the United States government, 44 U.S.C. § 2102, and is an agency within FOIA's meaning. 5 U.S.C. §§ 551(1), 552(f)(1). NARA possesses and controls records responsive to PTF's requests.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue is proper because FOIA permits suit in the District of Columbia. § 552(a)(4)(B).

8. PTF has constructively or actually exhausted its administrative remedies. As to the three consolidated requests, NARA did not decide PTF's administrative appeal within 20 working days of receiving it. § 552(a)(6)(A)(ii), (a)(6)(C)(i). As to the fourth request, NARA did not make a timely determination and no

administrative appeal is required. § 552(a)(6)(A)(i), (a)(6)(C)(i); *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 190 (D.C. Cir. 2013) ("*CREW*").

**PLAINTIFF'S FOIA REQUESTS**

9. The records at issue were originally generated by OSTP. On July 2, 2026, OSTP's FOIA Office responded to a PTF request for substantially the same records by stating that the responsive OSTP records "have been transferred to the National Archives and Records Administration" and that "the request would have to be submitted to them for processing." Following this OSTP correspondence, PTF directed the requests described below to NARA's Special Access and FOIA Staff, which processes FOIA requests for accessioned archival records.

10. On July 7, 2026, PTF submitted by email and through the FOIA.gov portal a request for presentation files, spreadsheet files, calendar entries, meeting invitations, meeting agendas, and meeting minutes of Dr. Thomas R. Armstrong and Dr. Michael Kuperberg, successive Executive Directors of the U.S. Global Change Research Program ("USGCRP") National Coordination Office administered by OSTP, dated from November 1, 2014, through December 31, 2015, containing specified search terms.

11. On July 13, 2026, PTF submitted a second request for records of OSTP Director John P. Holdren and Principal Assistant Director Tamara Dickinson. The request sought the charter, membership rosters, and meeting agendas, attendance rosters, and minutes of the Subcommittee on Global Change Research ("SGCR") for 2014 and 2015, together with the two custodians' calendar and scheduling records and certain correspondence for the same period, containing specified

search terms.

12. On July 16, 2026, PTF submitted a third request for email of Mr. Holdren, Ms. Dickinson, Dr. Kuperberg, and Dr. Armstrong sent or received from November 1, 2014, through December 31, 2015, that included at least one non-.gov email address and at least one term from each of two short lists of specified terms.

13. NARA did not acknowledge the three requests separately or assign them separate tracking numbers. Without notice to PTF, NARA consolidated them under a single tracking number, RD 92094. PTF learned this only from NARA's final response.

14. On August 10, 2026, NARA issued its final response in RD 92094. NARA stated that it searched only email, because "[t]he National Archives only has custody of emails from the Obama OSTP," and that it could not search attachment metadata or implement the request's non-.gov correspondent limitation. NARA stated that it searched for four generic words ("Principal," "Roster," "Agenda," and "Charter") and six scenario terms, and omitted the remaining terms specified in the requests, including "National Climate Assessment," "NCA4," "USGCRP," "Subcommittee on Global Change Research," and "SGCR." NARA identified 13 responsive files totaling 459 pages, and released 58 pages in full. But NARA redacted 62 pages, and withheld 339 in full, citing Exemptions 5 and 6 without identifying which exemption applied to which record or explaining any foreseeable harm from disclosure. NARA then closed the request.

15. On August 21, 2026, PTF filed a timely administrative appeal with the Deputy Archivist of the United States by email to foia@nara.gov, as NARA's response directed. The appeal challenged the adequacy of the search, the omission

of specified search terms, the failure to search the sgcr@usgcrp.gov distribution address NARA itself had identified, the failure to seek clarification before closing the request, and the absence of any record-specific justification for the withholdings.

16. FOIA required NARA to make a determination with respect to the appeal within 20 working days of receipt, by September 21, 2026. § 552(a)(6)(A)(ii). NARA has not decided the appeal, acknowledged it, or communicated with PTF about it.

17. On August 13, 2026, PTF submitted through the FOIA.gov portal a fourth request, for presentation and spreadsheet files created or edited by Mr. Holdren or Ms. Dickinson from November 1, 2014, through December 31, 2015, containing specified search terms. The request stated that it supplemented, and did not duplicate, the July 13 request. FOIA.gov assigned it Request ID 3096691 and Confirmation ID 3100106.

18. On August 14, 2026, NARA's Operational FOIA and Access Division informed PTF that it was forwarding the request to NARA's Textual Reference Branch, which "will assign your request a tracking number and respond directly to you." But no tracking number followed. On August 21, 2026, PTF wrote to the Textual Reference Branch asking it to assign a tracking number, confirm that the request remained open, and "preserve the August 13 filing date," and supplying a search protocol. PTF stated that the letter "does not withdraw, narrow, or replace PTF's August 13 request."

19. On August 28, 2026, the Textual Reference Branch, under tracking number 26-81105, stated that NARA's accessioned OSTP records are "entirely

electronic," that it held no responsive textual records, and that it was forwarding the request to NARA's Center for Electronic Records, which "will respond to you separately." The Textual Reference Branch described its action as concluding "this portion" of the request.

20. On September 17, 2026, NARA's Special Access and FOIA Staff wrote to PTF under a second tracking number, RD 92552, describing the matter as PTF's "request dated August 21, 2026," rather than August 13. NARA stated that it "holds no series of non-email OSTP work-file records," that OSTP's Comprehensive Schedule N1-359-11-001 provides for transfer of permanent OSTP records to NARA "15 years after cutoff, which would be 2032," and that "[t]o request these records you would need to make a request with the originating agency." NARA stated that it had searched the Obama OSTP email of Mr. Holdren and Ms. Dickinson for the specified terms and "located 32 responsive emails," four of which carried PowerPoint or Excel attachments. NARA stated that the records "require screening for categories of information exempted from disclosure" and asked whether PTF wanted all 32 emails or only the four, as well as whether PTF wanted a search of classified email.

21. On September 21, 2026, PTF answered to clarify that it wanted all 32 emails and did not request a search of classified email. Notwithstanding this reply, NARA has not produced any of the 32 emails, withheld any of them, stated the reasons for any withholding, or notified PTF of appeal rights.

22. NARA's treatment of the August 13 request (passing it among three components, assigning it two tracking numbers, closing one number as to a "portion" of the request, and re-dating the request to August 21) is not an isolated

occurrence. NARA re-dated a separate PTF request of July 31, 2026 in the same manner, describing it as a request "of August 21, 2026" that was "received in this office on August 24, 2026," although PTF's August 21 letter stated that it "preserves the July 31 filing date and does not withdraw or narrow any portion of the request." That request is not at issue in this action.

23. NARA's statements cannot be reconciled with OSTP's. OSTP told PTF on July 2, 2026 that the responsive records "have been transferred to the National Archives and Records Administration." OSTP affirmed that position on administrative appeal, and directed PTF to NARA. NARA now states that the non-email records PTF seeks are not transferred to NARA until 2032 and must be sought from OSTP. On September 24, 2026, OSTP responded to a separate PTF request for the transfer, accession, and custody records documenting any transfer of OSTP records to NARA by stating that it was "unable to locate any responsive records." Neither agency has identified any accession, transfer instrument, or date on which any Obama-era OSTP record left OSTP's legal custody. PTF is pursuing its remedies against OSTP separately. As to the records NARA concedes it holds (the Obama-era OSTP email of the four custodians), NARA has never adequately searched for records requested by the Plaintiff, and the 32 emails NARA has identified have not been produced.

24. The requested records concern OSTP's and the USGCRP's role in the 2015 decision to feature the "representative concentration pathway" scenario known as RCP 8.5, since discredited and abandoned, as a business-as-usual or reference scenario in the Fourth National Climate Assessment and in federal climate policy.

25. PTF seeks the records to inform the public about OSTP's conduct and the

basis for federal climate policy.

26. FOIA required NARA to determine within 20 working days whether it would comply with the August 13 request and to state the reasons for its determination. § 552(a)(6)(A)(i). FOIA also required a determination with respect to PTF's administrative appeal in RD 92094 within 20 working days of receipt. § 552(a)(6)(A)(ii).

27. A timely determination requires more than an acknowledgment. The agency must gather and review the records, identify what it will produce and withhold, explain any withholding, and notify the requester of its appeal rights. *CREW*, 711 F.3d at 188.

28. The appeal determination in RD 92094 was due by September 21, 2026. Even accepting, *arguendo*, NARA's own August 21 receipt date for the August 13 request and its September 17 request for clarification as tolling the clock, the determination on that request was due by September 24, 2026. § 552(a)(6)(A)(i), (ii). NARA invoked no extension under § 552(a)(6)(B)(i) on either matter.

29. NARA has not decided the appeal. It has not stated whether it will comply with the August 13 request, identified the records it will produce or withhold, explained any withholding, or notified PTF of appeal rights. *CREW*, 711 F.3d at 188.

30. FOIA authorizes this Court "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." § 552(a)(4)(B). The Court may use its equitable powers "to require the agency to process documents according to a court-imposed timeline." *Clemente v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014).

## COUNT I
## FAILURE TO MAKE TIMELY DETERMINATIONS

31. PTF incorporates the preceding allegations.

32. PTF submitted four FOIA requests that reasonably described the records sought and a timely administrative appeal. NARA accepted the requests and the appeal.

33. NARA violated FOIA by failing to decide PTF's administrative appeal in RD 92094 within the statutory time limit and by failing to make a timely determination on the August 13 request. §§ 552(a)(3)(A), (a)(6)(A)(i), (a)(6)(A)(ii).

34. PTF has constructively exhausted its administrative remedies. § 552(a)(6)(C)(i); *CREW*, 711 F.3d at 190.

## COUNT II
## INADEQUATE SEARCH AND IMPROPER WITHHOLDING

35. PTF incorporates the preceding allegations.

36. FOIA required NARA to conduct a search reasonably calculated to uncover all relevant records. § 552(a)(3)(C). NARA's search in RD 92094 omitted specified search terms, omitted a distribution address NARA itself identified as relevant, and was not reasonably calculated to locate all responsive records.

37. FOIA permits an agency to withhold a record only if disclosure is prohibited by law or the agency "reasonably foresees that disclosure would harm an interest protected by an exemption," and requires release of "[a]ny reasonably segregable portion" of a record. § 552(a)(8)(A), (b). NARA withheld 339 pages in full and redacted 62 more without identifying the exemption applied to each record, articulating any foreseeable harm, or demonstrating that it released all reasonably segregable material.

38. NARA has improperly withheld agency records. § 552(a)(4)(B).

39. PTF is entitled to declaratory and injunctive relief under § 552(a)(4)(B).

**PRAYER FOR RELIEF**

Power the Future respectfully requests that the Court:

A. Retain jurisdiction until NARA complies with FOIA and the Court's orders;

B. Declare that NARA violated FOIA by failing to decide PTF's administrative appeal, failing to make a timely determination on the August 13, 2026 request, conducting an inadequate search, and improperly withholding responsive agency records;

C. Declare that NARA must disclose all nonexempt agency records responsive to the four requests;

D. Order NARA to conduct adequate searches, including of the terms and addresses omitted from its search in RD 92094, and to produce all nonexempt responsive records, including the 32 emails NARA has identified, according to a schedule containing dates certain, with periodic status reports until production is complete;

E. Order NARA to produce a Vaughn index or equivalent record-specific justification for any record withheld in whole or in part;

F. Order NARA to identify, by accession or transfer number, series, and date, the OSTP and USGCRP records of the four custodians that it holds and the agency that holds legal custody of each;

G. Award PTF reasonable attorney fees and costs under § 552(a)(4)(E);

and

H. Grant any other just and proper relief.

Dated: September 28, 2026

POWER THE FUTURE
By Counsel:

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
101 Rainbow Drive #11506
Livingston, TX 77399
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com